IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HECTOR HERNANDEZ and GERARDO JACOBO, <br><br>    Plaintiffs, <br><br> v. <br><br> AMERIMEX MUFFLERS AND BRAKES 7, INC., and LEONARDO MARTINEZ, <br><br>    Defendants. | ) <br> ) Case No. 1:16-cv-7513 <br> ) <br> ) <br> ) <br> ) JURY DEMANDED <br> ) <br> ) <br> ) <br> ) <br> ) |

## CLASS ACTION COMPLAINT

Plaintiffs Hector Hernandez and Gerardo Jacobo, individually and on behalf of others similarly situated, complain against Defendants Amerimex Mufflers and Brakes 7, Inc. ("Amerimex") and Leonardo Martinez ("Martinez"), alleging claims under the Fair Labor Standards Act and the Illinois Minimum Wage Law. Plaintiffs bring their FLSA claims as a putative collective action, pursuant to 29 U.S.C. § 216(b), and their state law claims as a putative class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### Introduction

1.   This complaint arises from Defendants' failure to pay Plaintiffs and a class of other individuals one-and-a-half times their regular rate of pay for hours worked in excess of forty in a workweek. Plaintiffs, on behalf of themselves and others similarly situated, now seek to recover unpaid overtime wages, pursuant to the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL").

### Parties

2. Hector Hernandez worked as a mechanic at Amerimex repair shops from approximately 2006 until March 2016.

3. Hernandez worked at the Amerimex facility in Joliet, IL from approximately 2009 until March 2016.

4. Gerardo Jacobo worked as a mechanic for Defendants from approximately September 2015 to April 2016.

5. Defendant Amerimex is an Illinois corporation headquartered in Will County.

6. Defendant Martinez manages and operates Amerimex and at least 10 other car repair shops that operate in the greater Chicagoland area. Upon information and belief, Martinez is a resident of Will County, Illinois.

7. During relevant times, Defendants Amerimex and Martinez were Plaintiffs' employers for purposes of the FLSA and IMWL.

### Jurisdiction and Venue

8. Venue is proper in this district because, at all relevant times, Defendants employed Plaintiffs in Will County and this judicial district.

9. The Court has jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

### Facts

10. Amerimex operates a car repair shop in Joliet, Illinois.

11. Hernandez, Jacobo, and other similarly situated individuals routinely worked for Defendants in excess of fifty hours in a workweek, and often as much as sixty hours in a workweek. Defendants paid Hernandez and Jacobo a daily pay rate and paid them in cash.

12. Defendants never paid Plaintiffs or the other mechanics who worked at their repair shops one-and-a-half times their regular hourly rate of pay for hours worked in excess of forty in a workweek.

### Enterprise Status

13. From July 25, 2013 to the present, Defendants constituted an "enterprise" as that term is defined in the FLSA because they performed related activities (either through unified operation or common control) for a common business purpose. During relevant times, Martinez's car repair shops engaged in well over $500,000 in annual sales or business.

### Collective and Class Allegations

14. Plaintiffs bring the claims set forth in Count I, alleging violations of the FLSA, as an opt-in representative or collective action on behalf of themselves and an **"FLSA Overtime Class,"** consisting of all mechanics who worked for a car repair shop operated by Martinez between July 25, 2013 and the present and who, during that time, worked in excess of forty hours a week in any workweek.

15. Plaintiffs bring their Illinois Minimum Wage Law claims as set forth in Count II, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and all other mechanics who worked for a car repair shop operated by Martinez between July 25, 2013 and the present and who, during that time, worked in excess of forty hours a week in any workweek ("**the IMWL Class**").

16. The classes defined above satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and 29 U.S.C. § 216(b).

17. The classes are so numerous and geographically dispersed that joinder of all members is impracticable, and the disposition of their claims in a class action will provide substantial benefits to both the parties and the Court. Plaintiffs believe that the classes include at least one hundred former and current mechanics.

18. Common questions of law and fact predominate over individual issues affecting only individual class members. The common questions of law and fact include, among others, the following:

   a. Whether Defendants denied Plaintiffs and the FLSA Overtime Class overtime wages due and owing under the FLSA;

   b. Whether Defendants denied Plaintiffs and the IMWL Class overtime wages due and owing under the Illinois Minimum Wage Law;

19. Plaintiffs will fairly and adequately protect the interests of all class members. Plaintiffs are members of the FLSA Overtime Class and the IMWL Class. Plaintiffs' claims are typical of the claims of all class members. Plaintiffs' interests in obtaining monetary relief for Defendants' violations of the class members' rights are consistent with and are not antagonistic to those of any person within the classes.

20. Plaintiffs have retained counsel competent and experienced in complex and class action litigation.

21. A class action is superior to other methods for the fair and efficient adjudication of the controversy alleged in this Complaint. Class action treatment will permit a large number of similarly situated persons to prosecute their modest, common claims in a single forum

simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.

22. The Court is not likely to encounter any difficulties that would preclude it from maintaining this case as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. Individualized litigation also would present the potential for inconsistent or contradictory judgments.

## Count I – Fair Labor Standards Act

23. Plaintiffs incorporate all prior allegations as if fully stated herein.

24. Defendants employed Plaintiffs and members of the FLSA Overtime Class.

25. Plaintiffs and members of the FLSA Overtime Class regularly worked for Defendants in excess of forty hours in a workweek.

26. Plaintiffs and members of the FLSA Overtime Class were not exempt employees as defined by the FLSA and relevant regulations.

27. Defendants never paid Plaintiffs and members of the FLSA Overtime Class one-and-a-half times their regular hourly rate for hours worked in excess of forty in a workweek.

28. Defendants' violations of the FLSA were willful.

## PRAYER FOR RELIEF

Plaintiffs ask the court to enter judgment against Defendants and issue an order:

a. Certifying this case as a collective action pursuant to 29 U.S.C. § 216(b);

b. Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiff as well as all applicable liquidated damages;

c. Declaring that Defendants' conduct violated the FLSA;

d. Awarding Plaintiffs their reasonable attorneys' fees and costs of this action;

  e.  Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

  f.  Awarding such other and further relief as this Court deems appropriate and just.

## Count II – Illinois Minimum Wage Law

29. Plaintiffs incorporate all prior allegations as if fully stated herein.

30. Defendants employed Plaintiffs and members of the IMWL Class.

31. Plaintiffs and members of the IMWL Class regularly worked for Defendants in excess of forty hours in a workweek.

32. Defendants never paid Plaintiffs and members of the IMWL Class one-and-a-half times their regular hourly rate for hours worked in excess of forty in a workweek.

## PRAYER FOR RELIEF

Plaintiffs asks the court to enter judgment against Defendants and issue an order:

a. Certifying this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b. Appointing Plaintiffs as representative of the IMWL class;

c. Appointing the undersigned counsel as class counsel;

d. Declaring that the actions complained of herein violate 820 ILCS 105/4a;

e. Awarding the IMWL Class compensatory damages in an amount be determined at trial;

f. Awarding the IMWL Class prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

g. Awarding the IMWL Class unpaid wages due as provided by the IMWL;

h. Awarding penalties in the amount of 2% of all unpaid wages for each month the unpaid wages remain delinquent, as contemplated by 820 ILCS 105/12(a);

i. Awarding reasonable attorneys' fees and costs of this action as provided by the IMWL;

j. Awarding such other relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand trial by jury on all issues as to which a jury trial is available.

>
> Respectfully submitted,
>
> /s/Christopher J. Wilmes_____
> One of the Attorneys for the Plaintiffs

Matthew J. Piers (Illinois Bar No. 2206161)
Juliet V. Berger-White (Illinois Bar No. 6269404)
Christopher J. Wilmes (Illinois Bar No. 6287688)
HUGHES, SOCOL, PIERS, RESNICK & DYM, LTD.
70 West Madison Street, Suite 4000
Chicago, Illinois 60602
312-580-0100